IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RODRICK HARRIS                                                                 PLAINTIFF

v.                              Civil No. 6:15-cv-06082

BPL PLASMA                                                                    DEFENDANT

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Service. ECF No. 1. The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. 5. The Court also provided Plaintiff a questionnaire to further explain his claims. ECF No. 7. Plaintiff timely filed his answers to that questionnaire as an addendum to his Complaint. ECF No. 8. The Court now recommends Plaintiff's Motion for Service be **DENIED**, and Plaintiff's case be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

In the present action, Plaintiff claims he was wrongfully terminated. ECF No. 1. Plaintiff does not claim he was the victim of discrimination. ECF No. 8 at 2. Instead, Plaintiff claims Defendant, his employer, wrongfully terminated him by conducting an "insufficient investigation" prior to terminating him. *Id.* Specifically, Plaintiff claims he was terminated for allegedly sexually harassing women in his office. *Id.* at 4. Plaintiff claims that had Defendant conducted a thorough investigation and questioned all witnesses involved, Plaintiff would not have been terminated. *Id.*

Upon review of Plaintiff's claims, the Court finds it has no subject matter jurisdiction over this action. For a federal court to have subject matter jurisdiction over Plaintiff's case, Plaintiff must

demonstrate that either the diversity of citizenship requirements are met or federal question requirements are met.  *See* 28 U.S.C. § 1331 (1980); 28 U.S.C. § 1332 (2005).  Plaintiff has the burden of proving subject matter jurisdiction exists.  *See Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78, 82 (8th Cir. 1996).  In the present action, Plaintiff does not allege he was discriminated against when he was terminated from his employment.  ECF No. 8 at 2.  Plaintiff does not allege he was the victim of age discrimination, race discrimination, or any other type of discrimination under Title XII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  Plaintiff also offers no other potential basis for subject matter jurisdiction.

Accordingly, because Plaintiff has not offered a basis for subject matter jurisdiction and the Court finds no basis for subject matter jurisdiction, the Court recommends Plaintiff's case be **DISMISSED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **17th day of September 2015.**

                                                    /s/   Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U.S. MAGISTRATE JUDGE